Opinion
BROWN (R J.), J.*
The complaint in this action charges the defendant-respondent in count I with possession of a concealed weapon, in violation of section 12025 of the Penal Code and in count II with possession of a loaded firearm in his vehicle, in violation of section 12031 of the Penal Code.
The People appeal from an order of dismissal entered after the granting by the trial court of defendant’s motion under section 1538.5 of the Penal Code for an order suppressing evidence obtained in the course of a search of the defendant’s vehicle. In brief, the question presented is whether the search of the vehicle is violative of the protection due the defendant under article I, section 13 of the Constitution of the State of California and the Fourth Amendment of the Constitution of the United States.
Facts
The defendant visited, as a customer, “The Bordello,” a business establishment which advertised sexual catharsis and satisfaction in private sessions with women for a fee. After he paid the prescribed fee for a session he was advised that the session consisted only of discussion and conversation with a female member of the Bordello’s staff, namely, a Ms. Finley.' He thereupon became angry and left the location. A short time later that same day he telephoned Ms. Finley at the Bordello, threatened harm to her personally and “to shoot the place up.” Sheriff’s deputies were summoned and in the course of their interview with Ms. Finley she pointed to the defendant, who had returned to the location, indicating it was he who had made the threatening phone call.
After a negative pat-down search of the defendant, the deputy asked him if he had a car. In reply the defendant pointed to a vehicle parked legally on the street. The deputy then searched the vehicle and found in the center console the loaded revolver in question.
*Supp. 15 The defendant moved under section 1538.5 of the Penal Code to suppress all evidence procured in the course of the search of the defendant’s vehicle upon the ground that such search violated the constitutional standards prescribed by article I, section 13 of the California Constitution and the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.[1] On the hearing of the motion the only evidence introduced consisted of the testimony of Ms. Finley and the two investigating deputy sheriffs. Their testimony related the facts as set forth above and although it was found by the trial court to be “more than credible,” it concluded that the facts so established were insufficient to give the officers probable cause to search the vehicle and the motion to suppress was granted. The court then, on its own motion, ordered the complaint dismissed.
The question presented is one of law since the facts are undisputed and the trial court so conceived the issue it decided.
Defendant describes the issue as follows: “Did the trial court err in ruling that the parked vehicle ‘was not so proximate as to reasonably be within the ambit of a weapon search’?” His reasoning seems to be that although the weapons search of defendant’s person was reasonable and proper, the negative result of that search dissipated the exigency of the circumstances, and on the basis of Chimel v. California (1969) 395 U.S. 752, 768 [23 L.Ed.2d 685, 696-697, 89 S.Ct. 2034], the auto, being out of the defendant’s immediate reach, could not be searched.
The defendant relies heavily upon the Chimel case, supra, and upon Coolidge v. New Hampshire (1971) 403 U.S. 443 [29 L.Ed.2d 564, 91 S.Ct. 2022], which holds that when the defendant is placed under arrest and his vehicle is impounded with the expectation that it will be searched for evidence against him, no exigency exists which will justify a warrantless search of the vehicle.
The defendant’s reliance upon Chimel v. California (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], if that is a fact, is difficult to understand in the light of the following statement in the Chimel decision: “Our holding today is of course entirely consistent with the recognized principle that, assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants ‘where it is not practicable to secure a warrant because the vehicle can be quickly moved *Supp. 16 out of the locality or jurisdiction in which the warrant must be sought.’ ” (395 U.S. at p. 764 [23 L.Ed.2d at pp. 694-695].)
The defendant’s reliance on Coolidge v. New Hampshire is also unavailing for even if that case could be considered as having application to the facts of this case, we could not regard it as expressing a ruling by which we must be guided in our decision of the search and seizure issue with which we are presented. The judgment in that case was rendered by an equally divided court and was squarely found by the California Supreme Court in People v. McKinnon (1972) 7 Cal.3d 899 [103 Cal.Rptr. 897, 500 P.2d 1097] to be without force as a precedent. In consequence, it held that “we are bound to apply the Carroll-Chambers rule according to our present understanding of its scope.” (7 Cal.3d at p. 911.) The Carroll and Chambers cases are discussed below.
At the time of the search the officers were in the process of investigating a complaint that the defendant had threatened physical harm to the complainant and “to shoot up” the establishment in which she conducted her business. They were confronted with the alternatives of (1) releasing the defendant from all detention, (2) immediately placing him under arrest based upon the untested reliability of the complainant, (3) detaining him for questioning as a suspect and taking custody of the vehicle pending an attempt to obtain a search warrant, or (4) proceeding as they did to make a search of the vehicle compartments to see if the defendant was in fact capable of carrying out the kind of threat Ms. Finley claimed to have received. In our opinion, the officers elected the only reasonable and practicable course then open to them. We conclude that the situation confronting the officers should be classified as presenting exigent circumstances of the character and urgency which justified as reasonable the kind of search of a vehicle the officer made in this case.
Warrantless searches of automobiles have been upheld as reasonable in a variety of situations each of which has been characterized by the court as presenting necessitous circumstances which rendered obtaining of a search warrant unreasonable or impracticable. The progenitor of the cases so holding is Carroll v. United States (1925) 267 U.S. 132 [69 L.Ed. 543, 45 S.Ct. 280], In essence the court there held that automobiles should be regarded and treated as falling into a different category from homes and offices in that their search could be justified upon the basis of probable cause alone under circumstances of less demaitding urgency. A more recent case providing new determinants of assistance in resolving the question of reasonableness in such searches is Chambers v. Maroney *Supp. 17 (1970) 399 U.S. 42 [26 L.Ed.2d 419, 90 S.Ct. 1975]. The rule, as enunciated and refined in those cases, is summed up in the following passage from Chambers v. Maroney:
“. . . automobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without ,a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize. ... [399 U.S. at p. 48 (26 L.Ed.2d at p. 426).]
“. . . ‘The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.’ [quoted from Carroll v. United States, supra]. . . . [399 U.S. at p. 49 (26 L.Ed.2d at p. 427).]
“. . . For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.” [399 U.S. at p. 52 (26 L.Ed.2d at p. 428).]
Illustrative of California cases giving currency to the Carroll-Chambers pronouncements are: People v. Laursen (1972) 8 Cal.3d 192 [104 Cal.Rptr. 425, 501 P.2d 1145]; People v. Dumas (1973) 9 Cal.3d 871 [109 Cal.Rptr. 304, 512 P.2d 1208]; People v. Green (1971) 15 Cal.App.3d 766 [93 Cal.Rptr. 433]; People v. Baird (1971) 18 Cal.App.3d 450 [95 Cal.Rptr. 700]. Of these, the Dumas and Green cases are particularly enlightening.
In Dumas, officers had obtained a warrant to search the apartment of the defendant who was suspected of having possession of certain stolen bonds, blank checks, narcotics, etc. The search of the house for those items was unfruitful; however, in the course of the search the officers discovered a vehicle registration slip from which it became known to them for the first time that the defendant owned an automobile. The vehicle described on the. slip was located by the officers approximately 100 feet away from the apartment building. Although their warrant did *Supp. 18 not mention the vehicle and although the defendant had been placed under arrest, the officers searched it and found the stolen documents and the narcotics, etc. they were looking for. In upholding the propriety of the warrantless search, the court stated: “Here the officers were apparently unaware that defendant possessed an automobile at the time they obtained the warrant. They unexpectedly discovered the existence of the vehicle only after they had entered defendant’s apartment. There was at least one other person in the apartment at the time of the defendant’s arrest who would have been in a position to move the car or destroy the evidence if the police did not conduct an immediate search or seizure. Under these circumstances, we hold it was not practicable for the police to secure a warrant under the standards set forth in Carroll and Chambers.” [9 Cal.3d at p. 885.]
People v. Green, supra, is quite similar in its salient facts to those of this case. In Green the officers, upon responding to a radio call to a hospital parking lot, were informed by a secretary that she had found on the floor of the back seat of her car a golf bag in which was concealed a shotgun; that when she exclaimed about her find to her husband who was standing nearby talking to the defendant, the defendant took the bag from her with the statement, “I will take care of it,” and placed it under the hood of his car. She also declared that on the previous day the defendant had been drinking, had caused a disturbance at the hospital and had been asked to leave. The officers searched the defendant’s vehicle and found a sawed-off shotgun. He was charged with illegal possession of that weapon. In reversing an order suppressing evidence of the shotgun, the court observed: “It is unfortunately too common an occurrence in current times that a person told to remove himself from a place because of his intoxicated condition will go home and return with a firearm to inflict harm upon one who told him to leave. Likewise, it is becoming too common an occurrence where police officers investigating a crime get shot by a shotgun secreted or carried in a motor vehicle. The only choices open to the officers here were to make a search of the vehicle without a warrant or else impound it while obtaining a search warrant. Under circumstances here presented, Chambers v. Maroney, supra, justifies the immediate search without a warrant . . . .” [15 Cal.App.3d at p. 773.]
We believe the officers in this case acted prudently and with good judgment following the report from Ms. Finley that the defendant had left the Bordello angry, had called in a telephone threat that he would “shoot up” the place and showed up apparently to make good his threat. It was reasonable for the police to suspect that the defendant had *Supp. 19 a gun concealed in his car since he was not carrying one on his person and it would have been quite possible for him to secrete a gun in the car until he was ready to carry out his threat.
The order of dismissal is reversed and the cause is remanded to the trial court to set aside its order granting defendant’s motion under Penal Code section 1538.5 and to proceed with the trial.
Marshall, Acting P. J., and Alarcon, J., concurred.

 Assigned by the Chairman of the Judicial Council.

 Defendant appears to have abandoned his original contention that the Sixth and Fourteenth Amendments to the United States Constitution were violated by the police actions. No such contention was presented in the briefs or in oral argument.